**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 11 2001**

**PATRICK FISHER**
**Clerk**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

CHRISTOPHER V. LANGSTON,

     Plaintiff-Appellant,

v.

HOWARD PAYTON, Delaware
County Commissioner, CHARLES
GUTHRIE, Craig County
Commissioner, GEORGE HICKS,
Chief Investigator for the Craig
County District Attorney's Office,
CARL LLOYD, Chief Investigator for
the Delaware County District
Attorney's Office, DELAWARE
COUNTY SHERIFF'S
DEPARTMENT, and CRAIG
COUNTY SHERIFF'S
DEPARTMENT,

    Defendants-Appellees.

No. 01-5020
(D.C. No. 00-CV-242-H)
(N.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **EBEL**, **KELLY** and **LUCERO**, Circuit Judges.

---

[*] After examining Appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

On March 22, 2000, Plaintiff-Appellant Christopher Langston ("Mr. Langston") filed a civil rights complaint pursuant to 42 U.S.C. § 1983, in which he argued that the named Defendants-Appellees had invaded his privacy, subjected him to illegal searches and seizures, and engaged in illegal surveillance of both Mr. Langston's person and property.[1] The district court, relying upon 28 U.S.C. § 1915(e)(2)(B) and Neitzke v. Williams, 490 U.S. 319, 325 (1989), dismissed Mr. Langston's complaint as frivolous. (See Langston v. Payton, et al., No. 00-CV-242 H (J), slip op. at 3, 5 (N.D. Okla. Jan. 16, 2001) (unpublished Order).) The district court nevertheless granted Mr. Langston's request to proceed on appeal in forma pauperis. (See Langston v. Payton, et al., No. 00-CV-242 H (J), slip op. at 1 (N.D. Okla. Feb. 22, 2001) (unpublished Order).)

For substantially the same reasons as the district court, we agree that Mr. Langston's complaint must be dismissed as frivolous. See 28 U.S.C. § 1915(e);

---

[1] Specifically, Mr. Langston alleges that the named Defendants-Appellees conducted illegal surveillance of his person and property both by implanting a listening device into his body and by placing additional listening devices in his home, and that they illegally entered his home to plant evidence later used to arrest and convict him. (See Langston v. Payton, et al., No. 00-CV-242 H (J), slip op. at 3 (N.D. Okla. Jan. 16, 2001) (unpublished Order).) Further, Mr. Langston asserts that the named Defendants-Appellants are still using the implanted listening device, referred to as a "micro-chip" by Mr. Langston, to listen to and control his thoughts, to alter his mental and physical health, and to distract him from working on the instant legal proceeding. (See Petitioner's Opening Brief at 2-2A (filed March 20, 2001).)

Neitzke, 490 U.S. at 327 (finding that § 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual allegations are clearly baseless"). Given this conclusion, we deny Mr. Langston's request to supplement the record with audio cassette tapes. Finally, because the district court previously granted Mr. Langston's request to proceed on appeal in forma pauperis, we deny as moot Mr. Langston's request filed with this court to be granted in forma pauperis status on appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge